IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01351-MEH

NICOLE ORTEGA, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

DENVER INSTITUTE L.L.C., d/b/a Aveda Institute Denver, a Nevada limited liability company; and
DALE L. LEMONDS,

    Defendant.

## PROTECTIVE ORDER

Upon consideration of Defendants' Unopposed Motion for Entry of a Protective Order, and it appearing to the Court that sufficient cause exists under Fed.R.Civ.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Defendants' current or

former employees and students or the Plaintiff and confidential and proprietary business information.  Examples of non-public CONFIDENTIAL information include but are not limited to: proprietary business information of Defendants, information concerning Defendants' past, current and future operations, relationships and contact with employees, students, customers, service providers and vendors, and business strategies; and personal information concerning Plaintiff and other current and/or former students, and company personnel data.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties (including collective and/or class action members), and designated representatives for the entity defendant;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.    deponents, witnesses, or potential witnesses; and

h.    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel or *pro se* party shall provide such person with a copy of this Protective Order and such person shall acknowledge that he or she has read this Protective Order and agrees to be bound by its provisions.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and may be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case and upon written request of the designating party, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Counsel for each party, however, shall each be entitled to preserve one copy of documents marked CONFIDENTIAL for their respective files.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: January 23, 2015, in Denver, Colorado.

By the Court:

/s Michael E. Hegarty
U.S. Magistrate Judge